UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGIENIKA McCLOUD                               CIVIL ACTION

VERSUS                                          NO: 17-11774

NOAH DAVID REILLY &                             SECTION: "A" (1)
PROGRESSIVE PALOVERDE
INSURANCE CO..

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 11)** filed by Plaintiff, Angienika McCloud. Defendants Noah Reilly and Progressive Paloverde Insurance Co. oppose the motion. The motion, noticed for submission on March 21, 2018, is before the Court on the briefs without oral argument.

Plaintiff initiated this suit in state court against Defendants for personal injuries that she claims to have sustained in a motor vehicle accident. Defendants removed thie suit to federal court claiming diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

Plaintiff moves to remand the case back to state court contending that Defendants have not met their burden as to the jurisdictional amount in controversy.

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occid. S.S. Co.*, 287 F.2d 252, 253-54 (5th Cir. 1961)). Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of

1

remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988)).

In *Luckett v. Delta Airlines, Inc.*, the Fifth Circuit summarized the analytical framework for determining whether the amount in controversy requirement is met in cases removed from Louisiana state courts where specific allegations as to damage quantum are not allowed. 171 F.3d 295, 298 (5th Cir. 1999). In such cases, the removing defendant, as the party invoking jurisdiction in a federal court, bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). As the Fifth Circuit explained:

> The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000, or (2) by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.

*Id.* (citing *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).

In the instant case there is no disputing that the amount in controversy is not facially apparent from Plaintiff's petition. Plaintiff alleges only that she "sustained personal injuries requiring care and treatment." (Rec. doc. 2-3 at 2 ¶ 7). The petition offers no specifics whatsoever as to the extent of her injuries. Defendants admit as much in their opposition. (Rec. Doc. 13 at 3) ("Plaintiff in this case was vague in her petition as to the nature of her injuries and listed nothing regarding which portions of her body were allegedly injured in the accident.").

2

Further, the notice of removal does not set forth any facts to support a finding that the jurisdictional amount is satisfied.

Defendants point out both in the notice of removal and in their opposition, however, that when responding to requests for admission prior to removal, Plaintiff answered "Denied" to the following statement:

"Please admit that your damages are less than Seventy-five thousand dollars ($75,000)." (Rec. Doc. 13-1 Exhibit A).

Defendants contend that this admission establishes that Plaintiff's damages exceed $75,000, and therefore demonstrates that the Court had jurisdiction at the time of removal.

To the contrary, this admission does not establish that the amount in controversy at the time of removal *exceeded* $75,000 because the admission is also consistent with an amount in controversy that *equals* $75,000, which is insufficient to support removal.

In sum, Defendants have not met their burden of establishing subject matter jurisdiction.[1]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 11)** filed by Plaintiff,

---

[1] Plaintiff did not take issue with Defendants' allegations as to citizenship and Defendants suggest that this reticence indicates acquiescence in compete diversity. (Rec. Doc. 13 at 3) ("She makes no argument as to whether the defendant parties are diverse to her thus meting [sic] the one of the two requirements of the statute that give the court jurisdiction."). To the contrary, subject matter jurisdiction cannot be forfeited or waived, and courts have an independent obligation to determine whether it exists even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

Angienika McCloud is **GRANTED**. This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

April 2, 2018

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE